## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street, S.W., Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF STATE, <br> The Executive Office <br> Office of the Legal Adviser, Room 5519 <br> 2201 C Street, NW <br> Washington, D.C.  20520, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this actions against Defendant U.S. Department of State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission,

Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4.       Defendant U.S. Department of State is an agency of the United States Government and is headquartered at 2201 C Street NW, Washington, D.C.  20520.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.       On March 11, 2015, Plaintiff submitted a FOIA request to Defendant via certified mail, return receipt requested, seeking access to the following:

> Any and all records completed and/or signed by Secretary of State Hillary Clinton concerning, regarding, or relating to her resignation from the office of Secretary of State.  Such records include, but are not limited to a "separation statement" signed by Hillary Clinton upon her resignation as Secretary of State.

6.       The U.S. Postal Service provided Plaintiff a Domestic Return Receipt signed by Defendant's agent showing that Defendant received the request by certified mail on March 17, 2015.

7.       Defendant subsequently acknowledged receipt of the request and assigned the request Case Control Number F-2015-05777.

8.       On March 18, 2015, Plaintiff submitted a second FOIA request to Defendant via certified mail, seeking access to the following:

> 1)       Any and all Forms OF-109 completed by employees and contractors separating from the State Department in 2013.
>
> 2)       Any and all records depicting the total number of employees and contractors who separated from employment with the State Department in 2013.

9. The U.S. Postal Service provided Plaintiff a Domestic Return Receipt signed by Defendant's agent showing that Defendant received the request by certified mail on March 24, 2015.

10. Defendant subsequently acknowledged receipt of the request and assigned the request Case Control Number F-2015-06321.

11. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with the request within twenty (20) working days and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.

12. Defendant's determinations regarding Plaintiff's requests were due by April 21, 2015 at the latest.

13. As of the date of this complaint, Defendant has failed to: (i) determine whether to comply with the requests; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determinations; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

14. Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
**(Violation of FOIA, 5 U.S.C. § 552)**

15. Plaintiff realleges paragraphs 1 through 14 as if fully stated herein.

16. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

17. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA requests, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: May 6, 2015                    Respectfully submitted,

                                               *s/ Chris Fedeli*
Chris Fedeli (DC Bar No. 472919)
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC  20024
(202) 646-5172

*Counsel for Plaintiff*